EPHRAIM K. ROBERTS, LORENZO B. AUSTIN AND ALBERT S. AUSTIN v. JARED T. PEPPLE AND DAVID B. WILCOX.

*Partnership liability—Individual debt—Order of proof.*

1. One who has sued a firm and recovered against a single partner only cannot assign error on the ground that a sole judgment cannot be rendered on a partnership liability.

2. A partner's private means are not open to inquiry in an action against the firm, which can only be liable for partnership purposes or for such as are presumably so. And a partner cannot use partnership funds for private purposes.

3. A partner's authority to use the firm name in a particular case, and his partner's knowledge of or acquiescence in his doing so, are open to inquiry in an action against the firm based on his act; and direct questions as to his authority and such acquiescence may be asked, subject to full cross-examination.

4. Agency is generally a mere question of fact.

5. An error in admitting evidence out of its order is immaterial when the evidence which should first have been introduced has been put in, so long as the one is made competent by the other.

6. Whether a note in suit arose from the indebtedness of a firm or of an individual partner is a question for the jury in a suit thereon.

7. An action will not lie against a firm upon a note given by one partner without the other's knowledge or assent, and without any consideration to the firm, and if it does not pertain to firm business and was taken for the private debt of the partner who gave it.

Error to Wayne. (Chambers, J.) Oct. 23.—Nov. 19.

ASSUMPSIT. Plaintiffs bring error. Affirmed.

*Julian G. Dickinson* for appellants.

*W. H. Wells* for appellee Wilcox. Knowledge of a partner's act in making a note in the firm name does not charge the other partner: *Todd v. Lorah* 75 Penn. St. 155; there must be proof of special authority or ratification, which one who sues on the note has the burden of proving: *Mechanics' & Traders' Ins. Co. v. Richardson* 33 La. Ann. 1308; *Mutual Bank v. Richardson* 33 La. Ann. 1312; *Davis v. Smith* 27 Minn. 390; assent must be shown: 1 Dan. Neg. Inst. § 369; the statement of the partner who made the note, that his co-partners had consented, is not evidence of consent, and 'the person receiving the note has no right to take it until he knows that consent has been given: *Kaiser v. Fendrick* 98 Penn. St. 528; and the mere fact that the partner does not deny his liability, on being informed of the note, will not per se amount to an adoption or ratification: *Reubin v. Cohen* 48 Cal. 545.

CAMPBELL, J. Plaintiffs, who are private bankers, sued defendants jointly on several notes signed with defendants' partnership name of J. T. Pepple & Co. Wilcox defended on the ground that the notes were given without his assent for private obligations and purposes of Pepple, and that plaintiffs did not take them in ignorance of their purpose. The verdict below was in his favor. Judgment was rendered against Pepple alone, who has not appealed. Plaintiffs bring error.

The first error assigned is that on such a claim alleged as a partnership liability there could be no judgment against Pepple alone. We need not consider how this would be if Pepple had complained of it, although we do not wish to be understood as suggesting any impropriety in it. It cannot hurt plaintiffs to have a sole judgment against Pepple if they cannot hold Wilcox; and there can be no ground of error for any such reason on their behalf. Some of the other errors assigned are not urged, and we shall confine ourselves to such as are urged, and these are the only substantial questions raised.

Complaint is made that plaintiffs were not allowed to inquire into the extent of Pepple's private means, and to show they were all locked up in the firm. We are not sure that this error is well founded in fact on the record, but assuming it

to be so, it is not sustainable. The liability of the firm could only be created for firm purposes, or such as were by the creditor presumably firm purposes; and a partner who has no means is not, for that reason, entitled to use partnership means for his own purposes. The inquiry was foreign to the issue.

Objection is also made to the admission of certain book entries on defendants' ledger. If the record showed what those entries were, we might consider them; but it cannot be assumed that all such entries were incompetent, and we cannot presume that these were.

The assignments from the 6th to the 10th cover the same ground. They were all based on objections to questions addressed to and answered by Wilcox as to whether Pepple had any actual authority to use the firm name in these cases apart from any implied authority which might be claimed, and whether Wilcox knew of or acquiesced in them. All of these matters were proper for consideration, and it was not error to allow this testimony to be gone into. We can see no objection to the form of the questions concerning authority. If it was desired, as of course it was proper, to infer authority from particular acts indicating it, yet it cannot be improper to ask the distinct question subject to full cross-examination. Usually, agency is a simple question of fact, although it may in some cases be less plain of solution than in others.

The 11th and 12th assignments do not seem to be relied on, unless so far as they may have been touched under other assignments.

The 13th relates to a refusal by the court to strike out an answer in which Pepple had stated that a draft on him personally had been discounted by plaintiffs. The objection urged on the argument was that there was no evidence that plaintiffs knew that one of the notes given in the firm name was given to take up Pepple's personal paper. However this may have been before this question was answered, there was such testimony subsequently given by the same witness, and the objection resolves itself into one touching the mere order of proof, and is not material. If, when made, the

ground for it had been the same now urged, there could have been no difficulty in showing the competency of the inquiry. The question of notice was never lost sight of.

The requests to charge asked the court to charge that all but two notes had no origin in the indebtedness of Pepple individually, and that plaintiffs ought to recover on those, unless the jury found they were not for partnership purposes or dealings. This the court could not properly have charged as requested, because there were facts to be passed upon by the jury. And the jury were, in our opinion, sufficiently instructed as to the test of recovery on all of them. The 15th request asked a charge which, we think, the record does not warrant as to the absence of evidence of notice of the purpose of one of the notes specified. We think there was testimony bearing on that subject.

Neither was there error in charging that if the notes were given without Wilcox's knowledge or assent, and did not pertain to firm business, and were without consideration to the firm, and were taken by plaintiffs for a private debt due by Pepple to them, there could be no recovery. This is a simple and familiar rule of law.

. We find no error in the record, and the judgment should be affirmed.

The other Justices concurred.